|-/THOMAS F- DALEY, Judge.
Bankers Insurance Company appeals the trial court’s denial of their Motion to Set Aside Judgment of Bond Forfeiture. We affirm.
The record shows that defendant, Luke Timberlake, was arrested on December 16, 2001 on several charges. He posted a $10,000.00 bond on December 19, 2001, said bond was posted by Louis Marcotte III as agent for Bankers Insurance Company. Defendant’s arraignment was set for May 2, 2002, but he failed to appear. The court ordered the bond forfeited and an attachment was ordered. Notice of the bond forfeiture was mailed to defendant, at the address he supplied for the bond, and Bankers Insurance Company on May 9, 2002.
Bankers Insurance Company filed its Motion to Set Aside Judgment of Bond Forfeiture on February 3, 2003, arguing that the judgment of bond forfeiture was a nullity because Timberlake was not served with notice of his arraignment date, and notice was mailed to the wrong agent for surety. An amended motion was filed on February 6, 2003, taking out the second ground. Apparently defendant was apprehended and surrendered on March 12, 2003. The motion was originally |3argued on March 17, 2003, when it was denied, but the motion was reset for argument due to the absence of counsel for Bankers Insurance Company. Bankers Insurance Company’s Motion to Reset was apparently treated as a Motion to Reconsider, which was heard on June 16, 2003. The motion was denied. Bankers Insurance Company took this appeal on June 20, 2003.
Bankers Insurance Company argues that the bond forfeiture should have been set aside because Timberlake was not properly served with notice of his original arraignment date. We find, however, that Bankers Insurance Company’s Motion to Set Aside Bond Forfeiture was untimely, and thus do not reach the merits of Bankers Insurance Company’s appeal. LSA-R.S. 15:85 states, in pertinent part:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty *1167 days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
(6) Appeals.
(a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. The security to be furnished for this suspensive appeal shall be equal to the bail obligation.
(b) The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.
(c) All appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture.
I s¡* ❖ ❖ # & _k
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art.2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
The record shows that Bankers Insurance Company employed summary proceedings when it filed its Motion to Set Aside Bond Forfeiture on February 3, 2003. The Motion was filed approximately nine months after the notice of judgment of bond forfeiture was mailed to Bankers Insurance Company. This motion was untimely because it was filed more than six months after the notice of judgment of bond forfeiture was mailed, which is the latest date that Bankers Insurance Company could have asserted any defenses to the bond forfeiture under LSA-R.S. 15:85 by using summary proceedings. (The particular defense asserted by Bankers Insurance Company, that Mr. Timberlake was not properly served with notice of his arraignment date, must be raised within sixty days of the notice of judgment of bond forfeiture, if by summary proceedings. R.S. 15:85(5)).
Under R.S. 15:85(6), Bankers Insurance Company could have filed an appeal of the judgment ordering the bond forfeiture. That judgment was rendered on May 6, 2002. The record is devoid of any appeal from that judgment. Likewise, under R.S. 15:85(9), Bankers Insurance Company could file a nullity action via ordinary proceedings as per LSA-C.C.P. art.2001 et seq. The action on appeal before this court was instituted by summary proceedings and therefore C.C.P. art.2001 does not apply to this particular proceeding.
At the hearing on June 16, 2003, Bankers Insurance Company argued that the defendant had in fact been surrendered to the court, which occurred on March 12, 2002, and thus equity argued that the bond forfeiture be set aside. We note that this surrender occurred approximately ten months after the notice of judgment of bond forfeiture, which is after the time allowed for relief under LSA-C.Cr.P. art. *1168 | S345(A),[1] and in fact occurred after Bankers Insurance Company filed its untimely Motion to Set Aside Bond Forfeiture.
For the reasons above, we affirm the judgment of the trial court denying Bankers Insurance Company’s Motion to Set Aside Bond Forfeiture.

AFFIRMED.

. LSA-C.Cr.P. art. 345(A). A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.